IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CHADRICK DESHAWN McBRIDE, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 7:20-CV-156-O |
| | § | (NO. 7:18-CR-020-O) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the motion of Chadrick Deshawn McBride, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the Government's response, the reply, the record, including the record in the underlying criminal case, No. 7:18-CR-020-O, styled "United States v. Floyd Raymond Richardson, et al.," and applicable authorities, finds that the motion should be denied.

## I. BACKGROUND

The record in the underlying criminal case reflects the following:

On September 19, 2018, Movant was named in a two-count amended information charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 318. Movant and his counsel signed a consent to administration of guilty plea and allocution by United States Magistrate Judge, CR Doc. 386, an amended waiver of indictment, CR Doc. 387, an amended factual resume, CR Doc. 388, and an amended plea agreement. CR Doc. 389. The amended factual resume set forth the penalty Movant faced, the elements of the offense,

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 7:18-CR-020-O.

and the stipulated facts establishing that Movant had committed the offense. CR Doc. 388. His amended plea agreement provided, among other things, that Movant waived his right to appeal and to pursue a motion under § 2255 except in limited circumstances, in particular, to bring a claim of ineffective assistance of counsel. CR Doc. 389 at 4. Movant entered a plea of guilty and the Magistrate Judge recommended that it be accepted. CR Doc. 390. No objections were filed and the Court accepted the recommendation. CR Doc. 475.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 32. CR Doc. 506, ¶ 24. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 31, 32. Based on a total offense level of 29 and a criminal history category of I, Movant's guideline range was 87 to 108 months. *Id.* ¶ 69. The Government filed objections, CR Doc. 515, to which Movant responded. CR Doc. 520. The probation officer prepared an addendum to the PSR. CR Doc. 528. The addendum recalculated Movant's base offense level as 38 and included a two-level increase for possession of a firearm. Based on a total offense level of 37, the revised guideline range was 210 to 262 months. *Id.* Movant filed objections to the addendum, which included text of 70 pages and 105 pages of exhibits. CR Doc. 692. Movant also filed a sentencing memorandum, CR Doc. 694, a motion for a below-guideline sentence, CR Doc. 684, and a motion for downward departure. CR Doc. 685. The probation officer filed a second addendum to the PSR. CR Doc. 704. Movant filed further objections along with exhibits in support. CR Doc. 705.

At the sentencing hearing, the Court heard evidence and arguments and overruled Movant's objections. CR Doc. 837. The Court sentenced Movant to a term of imprisonment of 144 months, granting his motion for downward departure. CR Doc. 737. CR Doc. 837. Movant appealed. CR

Doc. 755. His attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and was allowed to withdraw. *United States v. McBride*, 786 F. App'x 487 (5th Cir. 2019). The appeal was dismissed. *Id.*

## II. GROUNDS OF THE MOTION

Movant raises two grounds in support of his motion. First, he says he was denied effective assistance of counsel in preparation for and at sentencing. Doc.[2] 6 at PageID[3] 43. Second, he says that he was denied effective assistance of counsel due to a conflict of interest. *Id.* at PageID 44.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten page numbers on the document are not the actual page numbers.

will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In his first ground, Movant argues that his counsel was ineffective in failing to obtain and present available evidence and research and compelling authority in support of his PSR objections to drug weight and dangerous weapon possession. Doc. 6 at PageID 43; Doc. 7 at 5–17. Despite the length of the argument, he provides little substance. Conclusory allegations of ineffective assistance fail to raise a constitutional issue. *Miller*, 200 F.3d at 282; *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

Claims of failure to investigate require that the movant allege with specificity what the investigation would have revealed and how it could have altered the outcome. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). Claims of uncalled witnesses are highly disfavored, especially if unsupported. *Id.* To assert such a claim, the movant must identify the witness, demonstrate that the witness was available and would have testified favorably, and show what impact the testimony would have had on the proceedings. *Id.* Speculation as to what a witness would have said is too uncertain to be supportive. *Id.* at 352–53.

In this case, the record reflects that Movant's counsel went above and beyond what most attorneys do in representing their clients. She filed extensive objections and pursued those objections at the sentencing hearing. Movant obviously recognized the value of her services as he thanked the Court for appointing her. CR Doc. 837 at 131. That counsel did not prevail in her objections does not mean that Movant received ineffective assistance. Movant has not shown that but for counsel's unprofessional errors the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. In fact, he received a very favorable sentence due to the work of his counsel.

In his second ground, Movant contends that he was denied effective assistance of appellate counsel due to a conflict of interest. Doc. 6 at PageID 44; Doc. 7 at 17–20. He says that his counsel was constitutionally deficient for failing to raise her own ineffectiveness on appeal. First, Movant has not identified any ground that would have had the slightest merit on appeal. The Court's determination of the drug quantity and the firearms enhancement were supported by the record. The Court found the PSR, addenda to the PSR, and testimony at the sentencing hearing to be reliable. Second, Movant waived his right to appeal. CR Doc. 389 at 4. Although ineffective assistance was an exception to the waiver, for the reasons discussed herein, Movant could not have shown that he received ineffective assistance with regard to the objections to the PSR. And, as the Fifth Circuit noted, the record was not developed sufficiently to consider ineffective assistance on appeal. *McBride*, 786 F. Appx. 487 (citing *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014)). Thus, he cannot show prejudice.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 14th day of July, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**